# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MARY GRACE BRYANT,                          :
EUGENE STUBBS, RANDOLPH STUBBS,  :
and SANDRA MINX,                                  :
                                                                    :
     Plaintiffs,                                             :
                                                                    :
          v.                                             :          Civil Action No. 5:07-cv-109 (HL)
                                                                    :
VALERO, L.P.,                                         :
                                                                    :
     Defendant.                                           :
_____

## ORDER

      This Court conducts an initial review of each case. The initial review ensures that

each case has a proper jurisdictional basis. Proper jurisdiction is important because federal

courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir.

1981).[1] They possess only that power authorized by the United States Constitution and by

federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore,

federal courts should constantly examine a case's jurisdictional basis—even on their own

initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3);

---

[1]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

<u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149 (1908)).

## I. PROPER JURISDICTION

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. §

1332, which states that federal district courts have original jurisdiction "of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West

1993 & Supp. 2004). Further, "complete diversity" must exist for the court to retain

jurisdiction, that is, every plaintiff must be diverse from every defendant. <u>Triggs v. John</u>

<u>Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). Plaintiffs' allegation of diversity

jurisdiction in this case is riddled with errors. The Court will address each in turn.

### A. Citizenship

#### 1. Natural Persons

Federal courts interpret citizenship under § 1332 as requiring a natural person

to be a United States citizen and be domiciled in a state. <u>See, e.g.</u>, <u>Las Vistas Villas, S.A. v.</u>

<u>Petersen</u>, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), <u>aff'd</u>, 13 F.3d 409 (11th Cir. 1994).

Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1)

whether the person is a United States citizen, and (2) whether the person is domiciled in a

particular state. 15 James Wm. Moore et al., <u>Moore's Federal Practice</u>, § 102.30 (3d ed.

2004).

Under the first inquiry, "All persons born or naturalized in the United States, and

subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend.

XIV, § 1.  Regarding the second inquiry, domicile—synonymous with "state citizenship" in diversity jurisprudence—generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home.  Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992).  A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction.  Id.; e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998).  This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere.  See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  Therefore, a party must plead citizenship distinctly and affirmatively.  Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334.

Here, Plaintiffs failed to plead citizenship correctly.  To illustrate, Plaintiffs alleged, "Plaintiffs are residents of Bibb County, Georgia."  (Compl. ¶ 1.1.)  Allegations regarding residency tell the Court nothing.  In lieu of residency, Plaintiffs must allege United States citizenship and the states of which the Plaintiffs are "citizens" or "domiciliaries."  Consequently, Plaintiffs must amend their Complaint to cure this jurisdictional defect.

### 2.    Corporations

Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes.  15 Moore's, § 102.30 (citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)).  Regarding limited partnerships, however, their citizenship for the purpose of determining diversity jurisdiction is much clearer.  The United

States Court of Appeals for the Eleventh Circuit has held that "[t]o sufficiently allege the citizenship[] of [such an] unincorporated business entit[y], a party must list the citizenships of . . . all the partners of the limited partnership." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, for purposes of diversity of citizenship in the Eleventh Circuit, a limited partnership is a citizen of each State in which any of its partners, limited or general, are citizens.

Plaintiffs' Complaint states "Defendant, Valero, L.P., is the successor in interest to ST Services, a Kaneb Company, with its corporate office and principal place of business located at One Valero Way, San Antonio, Texas 78249-1616." (Compl. ¶ 1.2.) This allegation of citizenship is deficient for two reasons. First, Plaintiffs have approached the citizenship of Valero L.P. as if it was a corporation.[2] It is not. As indicated by its name, Valero L.P. is a limited partnership. Second, Plaintiffs have failed to offer the Court any indication of where the partners of Valero, L.P. are citizens. Therefore, the Court cannot determine whether it has jurisdiction over this case. While Plaintiffs do assert that "The Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332" (Compl.

_____

[2] Not only did Plaintiffs attempt to address Valero L.P.'s citizenship as if it was a corporation, but Plaintiffs then failed to properly allege said corporate citizenship. A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). In their Complaint, Plaintiffs stated where Valero L.P.'s principal place of business is located, but they did not plead where it was incorporated. Despite Plaintiffs' assertion that Valero, L.P. has "its corporate office" in Texas, this allegation would not have foreclosed the possibility that Defendant was incorporated in Georgia. Therefore, for all the Court would know, Valero, L.P., might have incorporated in Georgia, and then located its corporate office in San Antonio for easy access to the Paseo del Rio. Assuming Plaintiffs are domiciliaries of Georgia, this scenario would have destroyed complete diversity had Valero been a corporation.

¶ 1.3), this statement is a legal conclusion which the Court is entitled to make independently after reviewing the proper jurisdictional allegations.  Consequently, Plaintiffs must amend their Complaint to cure these jurisdictional defects.

**B.      Amount in Controversy**

As previously mentioned, for subject matter jurisdiction to exist based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2004).  Plaintiffs' Complaint fails to allege any amount in controversy, let alone one that exceeds $75,000.  Plaintiffs must amend their Complaint to cure this jurisdictional defect.

**II.      CONCLUSION**

For the reasons set forth above, Plaintiffs must amend their Complaint to cure these jurisdictional defects.  If Plaintiffs fail to file an amendment correcting these defects within twenty (20) days after this Order is entered on the docket, this case shall be **DISMISSED**.

**SO ORDERED**, this the 9th day of April, 2007.

_s/   Hugh Lawson_
**HUGH LAWSON, Judge**

pdl

5